UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARBARA WYLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16CV104 JCH |
| ) | |
| HARTFORD LIFE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Hartford Life Insurance Company's Renewed[1] Motion for Summary Judgment, filed August 30, 2016. (ECF No. 29). The motion is fully briefed and ready for disposition.

## BACKGROUND

On June 25, 2013, Roland Linneman ("Linneman") was driving his Ford F-150 at approximately 1:30 p.m., on a dry, straight, level, concrete divided highway, when his vehicle went into the median dividing the highway. (Defendant's Renewed Statement of Uncontroverted Material Facts ("Hartford's Facts"), ¶ 6). The vehicle flipped, and Linneman was ejected from the vehicle. (*Id.*). Linneman died at the scene of the accident on June 25, 2013. (*Id.*, ¶ 7).

The Missouri State Highway Patrol completed a four-page Missouri Uniform Crash Report ("Crash Report") regarding the June 25, 2013, incident. (Hartford's Facts, ¶ 8; ECF No. 29-1, PP. 15-18). The Crash Report listed Alcohol as a "probable contributing circumstance" to the accident.

---

[1] Hartford's original Motion for Summary Judgment was denied without prejudice on June 9, 2016. (ECF No. 22).

˘- 1 -˘

(ECF No. 29-1, P. 17).[2] The Missouri State Highway Patrol also prepared a Q Lab Toxicology Certified Report, which stated that Linneman's blood alcohol content ("BAC") was 0.284%. (ECF No. 29-1, P. 19).[3] Linneman's Certification of Death listed "blunt force trauma to upper body" as the underlying cause of death. (ECF No. 35-1).

At the time of his accident, Linneman was insured under Policy Number ADD-9866 ("Policy"), issued by Defendant Hartford Life Insurance Company ("Hartford"). (Hartford's Facts, ¶ 1). The Policy provides that "[i]f [the Covered Person's] Injury results in any of the following losses within 365 days after the date of accident[4], [Hartford] will pay the sum shown opposite the Loss in the Loss Table shown below." (ECF No. 29-1, P. 7). "Injury" is defined as "bodily injury resulting directly from accident and independently of all other causes which occurs while [the Covered Person is] covered under the policy." (*Id.*). The Policy further contains the following exclusion: "The policy does not cover any loss resulting from:….Injury sustained while operating a motor vehicle while legally intoxicated from the use of alcohol." (*Id.*).

Plaintiff Barbara Wyland was designated as Linneman's beneficiary under the Policy. (Petition (hereinafter "Complaint"), ¶ 4). Plaintiff submitted a claim for benefits under the Policy, which Hartford denied. (*Id.*, ¶ 6). Plaintiff exhausted her administrative remedies with Hartford by filing an appeal of the denial, which was also denied. (*Id.*, ¶¶ 7, 8).

On or about January 7, 2016, Plaintiff initiated this action by filing a Complaint in the Circuit Court of Lincoln County, Missouri. (ECF No. 4). Plaintiff originally named Hartford and Direct Response Insurance Administrative Services, Inc. as Defendants, but later voluntarily dismissed Direct Response. (*Id.*; ECF Nos. 8, 9). As noted above, Hartford filed the instant Renewed Motion

---

2 As additional probable contributing circumstances, the Crash Report noted that the driver overcorrected and was distracted/inattentive. (ECF No. 29-1, P. 17).
3 Plaintiff agrees, for purposes of this motion only, that the Court may rely upon the finding of the Missouri State Highway Patrol that Linneman's blood alcohol content at the time of his death was .28%. (ECF No. 32, PP. 1-2).

- 2 -

for Summary Judgment on August 30, 2016, claiming the Policy excludes coverage for injuries sustained in the manner at issue here. (ECF No. 29).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*.

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. *Anderson,* 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. *Id*. at 249.

## DISCUSSION

---

4 "Accident" is not defined in the Policy.

In its Renewed Motion for Summary Judgment, Hartford notes that for purposes of the instant motion, the finding of the Missouri State Highway Patrol Crime Laboratory that Linneman had a BAC level of 0.284% at the time of his death is uncontested. (Defendant's Renewed Memorandum in Support of its Motion for Summary Judgment ("Hartford's Memo in Support"), P. 1). Hartford further asserts that under Missouri law, anyone with a blood alcohol level above 0.08% is intoxicated. (*Id.*; *see also* Mo.Rev.Stat. § 577.012). Thus, according to Hartford, the sole issue to be decided is whether the applicable Policy exclusion applies any time the insured was intoxicated and operating a motor vehicle at the time of death, or only when the intoxication caused the death. (*Id.*).

As noted above, the Policy contains the following exclusion: "The policy does not cover any loss resulting from:….Injury sustained while operating a motor vehicle while legally intoxicated from the use of alcohol." (ECF No. 29-1, P. 7). Hartford maintains the wording of the Policy unambiguously excludes payment if the insured was intoxicated and operating a motor vehicle, regardless of whether the intoxication caused the death. (Hartford's Memo in Support, P. 1).

Under Missouri law, "[a]bsent an ambiguity, an insurance policy must be enforced according to its terms." *Lang v. Nationwide Mutual Fire Ins. Co*, 970 S.W.2d 828, 830 (E.D. Mo. 1998) (citation omitted). "An ambiguity arises when there is duplicity, indistinctness, or uncertainty in the meaning of the words used in the contract." *Rodriguez v. General Accident Ins. Co. of America*, 808 S.W.2d 379, 382 (Mo. banc 1991) (citation omitted).

> A court is not permitted to create an ambiguity in order to distort the language of an unambiguous policy, or, in order to enforce a particular construction which it might feel is more appropriate. Thus, where insurance policies are unambiguous, they will be enforced as written absent a statute or public policy requiring coverage.

*Id.* (internal citations omitted).

In her response Plaintiff contends the Policy is ambiguous, because it does not contain a definition of "Accident." (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Opp."), PP. 5-8). While this is true, the Court notes that said omission is irrelevant for purposes of interpreting the applicable exclusion. In other words, while the Policy's definition of "injury" is dependent on the occurrence of an "accident," the exclusion at issue presumes the fact of injury and thus accident, regardless of how accident may be defined. It then continues to preclude coverage for any injury sustained while the insured is legally intoxicated and operating a motor vehicle. Under these circumstances, the Court finds that the unambiguous terms of the Policy preclude coverage under the circumstances present here. *See River v. Edward D. Jones Co.*, 646 F.3d 1029, 1033 (8th Cir. 2011) ("But [Plaintiff] has failed to address the application of the general exclusion for intoxication that appears in the certificate of insurance[5], on which [Defendant] relied in explaining its decision to deny benefits. We conclude that, based on this exclusion alone, [Defendant] did not abuse its discretion as plan administrator when it denied benefits.").[6]

Plaintiff next asserts Hartford's denial of benefits violates public policy, as it runs counter to the reasonable expectations of the insured. (Plaintiff's Opp., PP. 8-9). To support her position, Plaintiff presents the following alleged analogy:

> Purchasers of insurance products in the state of Missouri are protected by this State's public policy in favor of coverage. To suggest otherwise would create a situation where a baseball fan having a .09 BAC killed by a hit and run driver when he leaves the ballpark would be excluded from coverage. That is clearly not the intention of Missouri court's skeptical view of exclusions.

(*Id.*, P. 8).

---

5 The exclusion in *River* was similar to that here, providing as follows: "We will not pay benefits under this section for any loss if the injured party is intoxicated at the time of the incident and is the operator of a vehicle or other device involved in the incident." *River*, 646 F.3d at 1032.
6 Had Hartford denied Plaintiff's claim on the basis that Linneman's death was not accidental, then whether or not the term "accident" was ambiguous would have come into play in this Court's decision. The Court need not reach this issue however, because Hartford denied Plaintiff's claim on the basis of the intoxication exclusion alone. *See*

Upon consideration the Court finds Plaintiff's analogy inapposite, as the exclusion at issue here would not apply in the hypothesized situation. In other words, the exclusion applies only when the insured is both intoxicated *and* operating a motor vehicle, and thus it would not preclude coverage for the theoretical baseball fan. As noted above the Court finds the wording of the exclusion to be unambiguous, and thus its straightforward application does not frustrate the reasonable expectations of any insureds or their beneficiaries.

Finally, Plaintiff points to Missouri Revised Statute § 376.777, which provides in relevant part as follows:

> 2. Other provisions. Except as provided in subsection 3 of this section, no such [accident insurance] policy delivered or issued for delivery to any person in this state shall contain provisions respecting the matters set forth below unless such provisions are in the words in which the same appear in this section; provided, however, that the insurer may, at its option, use in lieu of any such provision a corresponding provision of different wording approved by the director of the department of insurance, financial institutions and professional registration which is not less favorable in any respect to the insured or the beneficiary....
>
> (11) A provision as follows:
>
> "INTOXICANTS AND NARCOTICS:
>
> The insurer shall not be liable for any loss sustained or contracted in consequence of the insured's being intoxicated or under the influence of any narcotic unless administered on the advice of a physician".

Plaintiff maintains Hartford's exclusion violates the statute, as it is less favorable than § 376.777.2(11), which requires that any loss sustained must be "in consequence of the insured's being intoxicated" before it may be excluded. (Plaintiff's Opp., PP. 9-10). As support for this contention Plaintiff points to *Holloway v. J.C. Penney Life Ins. Co.*, a case originating in the Northern District of Illinois, in which the policy exclusion provided as follows: "No benefit shall be paid for Loss that

---

*River v. Edward D. Jones Co.*, Case No. 4:09CV897 CDP, ECF No. 37, P. 7 n. 2.

occurs while the Covered Person's blood alcohol level is .10 percent weight by volume or higher." *Holloway*, 190 F.3d 838, 839 (7th Cir. 1999). Relying on an Illinois statute almost identical to § 376.777, the plaintiffs in *Holloway* asserted that "under Illinois law, an insurer may exclude coverage only for losses which occur *because of* intoxication, also known as a 'cause' exclusion, and that status exclusions are void under Illinois law." *Id.* The Seventh Circuit agreed, holding Penney's provision was not as favorable to the insured or beneficiaries as the model language provided in the statute, and thus it could not be implemented even with approval from the Director of the Illinois Department of Insurance. *Id.* at 838, 839-40, 844.

Upon consideration, the Court finds this case is distinguishable from *Holloway*. In *Holloway*, both the statutory provision and the policy exclusion were *status* based; in other words, they addressed situations in which the insured was simply intoxicated. Thus, because the policy exclusion was less favorable, in that it failed to require a causal connection between the intoxication and the loss, it was prohibited under Illinois law. By way of contrast, the Policy exclusion at issue here is not merely status based. Instead, to preclude coverage it requires both that the insured was legally intoxicated at the time of the loss, and that he or she was operating a motor vehicle. (*See* ECF No. 29-1, P. 7). The Court finds that the additional requirement takes this exclusion out of the realm of status based exclusions, and thus out from under the purview of § 376.777.

In light of the foregoing, the Court finds the exclusion in Hartford's Policy operates to preclude coverage for Plaintiff's claim. Hartford's Renewed Motion for Summary Judgment will therefore be granted.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Renewed Motion for Summary Judgment (ECF No. 29) is **GRANTED**, and Plaintiff's claim is dismissed with prejudice. An appropriate Judgment will accompany this Memorandum and Order.

Dated this 27th Day of September, 2016.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE